## In re ST. LOUIS PUBLIC SERVICE CO.

District Court, E. D. Missouri, E. D.

June 15, 1934.

Stanley Clark and Robert Maloney, both of New York City, for the debtor.

Thomas E. Francis and Charles H. Daues, both of St. Louis, Mo., for the receiver.

### DAVIS, District Judge.

The rule is well established in bankruptcy that the debtor may file a voluntary petition in bankruptcy even though other parties have previously filed an involuntary proceeding against him.

Whether the court should proceed under a voluntary petition of a debtor, or a pending involuntary petition against him, is not a question of jurisdiction or of right in the parties, but one of practice; and the adjudication should be made in that proceeding in which, under all the circumstances, it appears to be for the best interest for the entire estate. As a general rule, it should be made in the voluntary case, because quicker, less expensive, and less likely to lead to costly litigation.

In the case now presented we have a property which had been under the control of the court in an equity receivership for more than one year. Immediately upon the approval of the amendment to the Bankruptcy Act of June 7, 1934, two petitions were filed against the debtor in this court. A doubt has now arisen as to whether these petitions were prematurely filed because of a provision in the amendment that the act should become effective from and after the date of the approval of the amendatory act. The petitioners in one case have confessed that the petition was prematurely filed by refiling the same on a subsequent date.

The filing of these petitions has rendered the title and authority of the receiver uncertain, and is seriously interfering with the normal operation of the business and property. The time for answering the petitions has not elapsed. The hearing thereon will necessitate further delay, and prolong existing uncertainties.

This situation makes the general rule that the adjudication should be on the debtor's petition particularly applicable. Such a course will encourage speedy action, it will be less expensive, avoid conflicts, and likely discourage costly litigation. This can all be accomplished by taking action on the debtor's petition and at the same time afford full and complete protection to any rights that the

petitioners in the involuntary cases have in the premises. As we view the situation, this course is demanded not only to preserve and protect the estate, but in the interest of all parties who have claims, of whatever sort, against the debtor. Such action is consistent with the provisions of section 77B of the amended Bankruptcy Act (11 USCA § 207).

The court approves the petition filed by the debtor.